**Michael GARDNER and Bien Licensing Agency, Inc.,**
**Plaintiffs–Appellants,**

v.

**NIKE, INC., Defendant–Appellee.**

**No. 00–56404.**
**D.C. No. 99–12700 LGB (Ex).**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 11, 2001.

Decided Jan. 31, 2002.

See also: 279 F.3d 774.

Before FERGUSON, T.G. NELSON, and W. FLETCHER, Circuit Judges.

## MEMORANDUM [1]

Appellants appeal the District Court's award of costs to Appellee, which were incurred in the prior state court action. A complete discussion of the procedural history is set forth in our concurrently published opinion in *Gardner v. Nike*, 279 F.3d 774 (9th Cir.2002), in which we affirm the District Court's grant of summary judgment.

Appellee incurred the costs at issue from June 1998 to April 1999, before removing the state court action. Upon remand to the state court for untimely re-

moval, the state court dismissed the action without prejudice and ordered "[e]ach party [ ] to bear its own costs and expenses which relate to the dismissal of prejudice ordered herein."

Subsequent to the Appellants' filing of the present action in District Court and the District Court's granting judgment in Appellee's favor, Appellee filed an application seeking to recover costs incurred in the state court action. After Appellants objected, the Clerk denied Appellee's application. Appellee then filed a motion to retax costs.

The District Court granted Appellee's motion to retax costs and awarded Appellee the sum of $8,740.50 in costs against Appellants. In doing so, the District Court determined that, given the procedural history of the case, the present action should be treated as a removed case for purposes of taxing costs. Appellants then filed a timely amended notice of appeal, including the issue whether the District Court erred in awarding costs to Appellee. Appellants argue that the District Court erred in awarding Appellee costs, which arose solely in the state court.

The District Court's award of costs is reviewed for an abuse of discretion. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1160 (9th Cir.2000). Whether the District Court has the authority to award costs, however, is a question of law reviewed de novo. *United States ex re. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 968 (9th Cir.1999). In addition, the question of whether a type of cost is allowable under the rules is reviewed de novo. *United States v. City of Twin Falls*, 806 F.2d 862, 879 (9th Cir.1986), *overruled on other grounds as recognized by Ass'n of*

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*Flight Attendants v. Horizon Air Indus., Inc.,* 976 F.2d 541, 551–52 (9th Cir.1992).

The District Court granted Appellee's motion to retax costs, relying on two provisions of its local rules. The District Court found that Appellee was a prevailing party under Local Rule 16.2.2, which provides that the "defendant is a prevailing party when the proceeding is terminated by court-ordered dismissal or judgment in favor of defendant." The District Court then determined that Local Rule 16.4.14 was applicable to the present case. Under Local Rule 16.4.14, "costs incurred in the state court prior to removal which are recoverable under state statutes shall be recoverable by the prevailing party in this court." The District Court reasoned that, because the state court's dismissal order "directed the Plaintiffs [Appellants] to refile in Federal Court on the same grounds raised for removal," the "action should be treated as a removed case for purposes of taxing costs...."

The District Court erred in its determination that Local Rule 16.4.14 was applicable to the present case. This case should not have been treated as a removed case for the purposes of taxing costs. Unlike the characterization offered by the District Court, the state court did not "direct" the Appellants to refile the action in the District Court. Rather, the state court's order states that, if the Appellants chose to refile, Appellee could not assert any time-barred defenses such as statute of limitations or laches.

■ Moreover, the state court order specifically states that each party should bear their own costs. Thus, the District Court erred in awarding Appellee costs that were incurred in the state action.[2]

---

2. Although not raised by the parties, we note that Appellants did not act in bad faith or bring a frivolous action. *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 535 n. 19, 114 S.Ct. 1023,

For the foregoing reasons, we RE-VERSE the District Court's award of state court costs to Appellee, Nike, Inc. As set forth in our accompanying opinion, we AFFIRM the District Court's grant of summary judgment.

127 L.Ed.2d 455 (1994) (listing factors for considered under 17 U.S.C. § 505 for awarding attorney's fees in copyright actions).